CONSTANCE B. PRICE, PLAINTIFF, *v.* WALTER J. PRICE AND OTHERS, DEFENDANTS.

*Appeal — when the General Term may order a judgment for the appellant without directing a new trial — a party voluntarily withholding evidence will not be granted a new trial, in order to enable him to introduce it.*

Where upon an appeal from a judgment in favor of the defendants, entered upon the report of a referee, the General Term holds that upon the facts found by the referee the plaintiff and not the defendants are entitled to judgment, and that the only error committed by the referee consists in a misconstruction of the legal effect of the facts proved, it may direct a judgment to be entered in favor of the plaintiff and need not order a new trial.

Upon the trial before the referee the defendants knew of the existence of a stipulation, entered into between the plaintiff and the defendants' testator, which precluded her from claiming dower in his estate.    They voluntarily omitted to put this stipulation in evidence.    A judgment in their favor having been reversed by the General Term, and a judgment in favor of the plaintiff directed to be entered upon the facts as found by the referee, the defendants sought to have a new trial ordered in order that they might prove the stipulation.

*Held*, that by voluntarily neglecting to introduce the stipulation upon the first trial they had precluded themselves from obtaining such relief, and must submit to the consequence of their misjudgment.

Motion for a direction for a new trial in place of the judgment for the plaintiff already ordered by the announced decision.

The appeal was decided in May, 1884, the opinion of Davis, P. J., being reported *ante* (p. 76). The action was brought to recover dower in the real estate of the defendants' testator. The General Term reversed the judgment entered in favor of the defendants, and directed a judgment to be entered in favor of the plaintiff, with costs.

*Wm Peet*, for defendants.

*Charles Jones*, *George H. Starr* and *Thomas Hooker*, for plaintiff.

Daniels, J. :

It has been considered regular to direct judgment for the plaintiff, for the reason that the referee has found all the facts entitling her to recover dower in the real estate mentioned in the complaint, and referred to in his report. And no fact inconsistent with that right in any respect has been found by him. What he has been held to have erred in, and all that in any legal sense that could be considered erroneous in his determination, is the decision that she was not entitled to dower upon the facts so found to have been proved, and the direction that her complaint should be dismissed. In that determination and direction it has been held that the referee deprived her of the relief which upon the facts found by him she was entitled to have adjudged in her favor. And the purpose and object of the decision has been to correct that error. It was a misconstruction of the effect of the facts proved by the evidence, and of all that was proven. He directed judgment against the plaintiff when the direction should have been for judgment in her favor. Nothing consequently appeared to remain for any further trial. That was complete in all other respects. The entire foundation of the action was found to be favorable to her. And no further advantage could be gained by another trial. For it is to be presumed that the facts were as favorably stated for the parties directed to be entitled to the judgment as the evidence would warrant, and that has not been denied in support of the present application.

But what is claimed is that upon another trial further proof could be made by a stipulation, entered into in the action brought against the plaintiff for the decree nullifying their marriage, by Walter W. Price, which would preclude her from recovering dower in his real estate. That stipulation was known to the parties now desirous of proving it in this action before and at the time of the trial before the referee, and it had been relied upon by way of answer as a defense. But the defendants voluntarily concluded to exclude it from their evidence, and for that reason it was not introduced during the trial. They considered the case sufficiently favorable to them without that evidence, and therefore omitted to give it. After having voluntarily adopted that as the most proper course to be followed in the management of the defense, it cannot be consistently held that they have not concluded themselves so far as to prevent the success of their application. All the evidence offered, which was pertinent to the case, was received and acted upon, and after understandingly and voluntarily concluding the trial in that manner, it is too late to open the case again for further proof. If it had been unknown, or the defendants had been prevented from giving it by anything but their own volition, the application would be entitled to more favorable consideration, but as the proof was withheld simply because it was believed the defense was well enough without it, the parties affected by the conclusion to omit the stipulation must submit to the consequences of what is now stated to have been a misjudgment. Any other rule would introduce the greatest possible uncertainty in legal proceedings. If this practice could be sanctioned in this case it would be entitled to like indulgence in all others, and each party could experiment upon the tribunal hearing the action, by withholding part of the pertinent proof, and then after an adverse result open the whole controversy again. If it could be permitted once, it could for any number of times, which would effectually prevent a definite end to legal investigations. Their conduct has been subjected to a different rule requiring each party at his peril to make all his proof, and only allowing a departure from it on account of surprise or the failure after active diligence to discover the omitted evidence, or the interposition of some insurmountable obstacle preventing the proof from being produced. After voluntarily withholding what the party could give by way of evidence, no case will ordi-

narily arise for again opening the trial for a further hearing, and no legal ground for any such direction has been made to appear in support of this application. The authorities cited in support of the application for another trial of the action, do not require it when the facts have already been settled by the hearing that has taken place, and they are left unchanged and undisturbed. The case presented then is the same as it would be upon a special verdict finding all the facts proved by the evidence. That is what the referee has done by his report. And all that now remains is to direct judgment for the relief awarded by the law upon that state of facts. It is no more than a modification of the judgment by which it is changed from a judgment in favor of one party to a judgment in favor of the other. And that the court has been authorized to make. Unlimited power of modification has been given by section 1317 of the Code of Civil Procedure, and it should be applied when all the facts have been fully settled and stated in the decision brought before the court, as they have been by the referee's report in this action.

The motion should be denied, with costs.

Davis, P. J., and Brady, J., concurred.

Motion denied, with costs.